PHILLIP A. TALBERT
United States Attorney
KATHERINE T. LYDON
SHEA J. KENNY
Assistant U.S. Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> HOSSAM HEMDAN, et al, <br><br> Defendants. | CASE NO. 2:24-cr-00071 DJC <br><br> STIPULATION AND JOINT REQUEST FOR PROTECTIVE ORDER; PROTECTIVE ORDER |

## I.  STIPULATION

1. Plaintiff United States of America, by and through its counsel of record, and Defendants Hossam Hemdan, Javier Salguero, Yehia Harb, Oscar Gomez, Guillermo Tovar, Arwa Harb, Nas Meshal, Khaled Hamdan, Minh Truong, Thong Truong, Jeremy Earls, and Michael Nguyen (collectively, the "Defendants"), by and through their counsel of record, for the reasons set forth below, hereby stipulate, agree, and jointly request that the Court enter a Protective Order in this case restricting the use and dissemination of certain materials containing personal identifying information of real persons and other confidential or otherwise sensitive information.

2. On March 21, 2024, the Grand Jury returned an indictment charging the defendants with one count of conspiracy to violate the Clean Air Act, in violation of 18 U.S.C. § 371, and charging Hemdan, Salguero, Gomez, Tovar, A. Harb, M. Truong, T. Truong, and Nguyen each with one count of

1 false statements in Clean Air Act documents, in violation of 42 U.S.C. § 7413(c)(2)(A).

2     3.    As part of its investigation in the above-captioned case, the United States is in possession
3 of materials relating to the charges against the defendants and seeks to provide those materials to the
4 defendants' counsel.  Some of the materials may exceed the scope of the United States' discovery
5 obligations but will be produced to promote a prompt and just resolution or trial of the case.

6     4.    The United States intends to produce to the Defense Team, as defined below, materials
7 containing personal identifying information ("PII") and other confidential information of real persons
8 and entities, including, among other things, addresses, phone numbers, Social Security numbers,
9 financial records, and bank account numbers.  Those real persons and entities are victims, witnesses,
10 defendants, or third parties to this case.  The discovery also encompasses materials over which the
11 defendants may have privacy concerns vis-à-vis each other, including but not limited to bank records,
12 email/messaging app records, and images of and reports from electronic devices, including cell phones.
13 Finally, the discovery may encompass records pertaining to the specific methods used to detect
14 fraudulent smog checks.

15     5.    The purpose of the proposed Protective Order is to prevent the unauthorized
16 dissemination, distribution, or use of materials containing PII, and confidential or otherwise sensitive
17 information and records.  If this information is disclosed without protective measures, or to the
18 defendants without limitation, it will risk the privacy and security of the people to whom the information
19 relates.  The information could itself be used to further criminal activity if improperly disclosed or used.
20 The United States has ongoing statutory and ethical obligations to protect victims.  The United States
21 also desires to protect the privacy interests of each of the co-defendants to the extent possible, while
22 satisfying its discovery obligations.

23     6.    Due to the nature of the charges and the alleged conduct in this case, PII and other
24 confidential or otherwise sensitive information make up a significant part of the discovery materials in
25 this case and such information itself, in many instances, has evidentiary value.  The documentary
26 evidence contains a large quantity of privacy-protected information that would be difficult or time-
27 consuming to redact.  Further, if the government were to attempt to redact all this information, the
28 defense would receive a set of discovery that may be confusing and difficult to understand, and it could

STIPULATION AND PROTECTIVE ORDER     2

1  inhibit prompt and just resolution of the case or preparation for trial.

2      7.     All material produced by the government in discovery, not limited to Protected Materials, may only be used for this case.  Material produced in discovery may not be distributed beyond the Defense Team and the defendants.  Defense counsel agree to advise their clients of this restriction before providing discovery to the defendants.

      8.     Accordingly, the parties jointly request a Protective Order that will permit the United States to produce discovery that is unredacted while preserving the privacy and security of victims, witnesses, third parties, and the defendants.  The parties agree that the following conditions, if ordered by the Court in the proposed Protective Order, will serve the government's interest in maintaining the privacy and security of victims, third parties and defendants, while permitting the Defense Team to understand the United States' evidence against the defendants.

      9.     This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, Local Rule 141.1, and its general supervisory authority.

## II.  PROPOSED PROTECTIVE ORDER

### A.  Protected Materials

      10.     This Order pertains to all discovery provided or made available to defense counsel in this case that contains unredacted "Personal Identifying Information" or other confidential or otherwise sensitive information (collectively, "Protected Materials").  Personal Identifying Information shall constitute Protected Materials and shall be treated as protected whether or not it is specifically identified as such by the government.  Other Protected Materials shall be identified as protected by the government when it is produced to the defense, in a cover letter, or by a specially-designated Bates range, or through an e-mail message.

      11.     For purposes of the Protective Order, the term "Personal Identifying Information" ("PII") includes any information within the definition of a "means of identification" under 18 U.S.C. § 1028(d)(7), other than names, and any information within the definition of an "access device" under 18 U.S.C. § 1029(e)(1), for anyone other than the defendant.

      12.     To the extent that notes are made that memorialize, in whole or in part, the Protected Materials, or to the extent that copies are made for authorized use by members of the Defense Team,

such notes, copies, or reproductions become Protected Materials, subject to the Protective Order, and must be handled in accordance with the terms of the Protective Order.

### B. Defense Team

13. For purposes of this Order, the term "Defense Counsel" refers to the defendants' counsel of record.

14. For purposes of this Order, the term "Defense Team" refers to (1) Defense Counsel, (2) other attorneys at Defense Counsel's law firms or defense organizations who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting Defense Counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to Defendants' Counsel assisting on this case.  The term "Defense Team" does not include the defendants, the defendants' family, or other associates of the defendants.

15. Defense Counsel must provide a copy of this Order to all members of the Defense Team and must obtain written acknowledgement from members of the Defense Team that they are bound by the terms and conditions of this Protective Order, prior to providing any Protected Materials to the members of the Defense Team.  The written acknowledgement need not be disclosed or produced to the United States unless ordered by the Court.

### C. Disclosure of Protected Materials

16. The Defense Team shall not permit anyone other than the Defense Team to have possession of the Protected Materials, including the defendants.

17. No person or party shall use any Protected Materials or information derived from Protected Materials produced in this action for any purpose other than use in the above-captioned case. All Protected Materials shall be used solely for the purpose of conducting and preparing for pre-trial, trial, post-trial, and appellate proceedings (both direct and collateral) and in this criminal action for no other purposes whatsoever, and shall not be used for the economic or other benefit of the defendant, or any third party.  Protected Materials may be disclosed only to the categories of persons and under the conditions described in this Order.

18. The defendant may review Protected Materials in this case only in the presence of a member of the Defense Team, and Defense Counsel shall ensure the defendants are never left alone with

any Protected Materials. The defendants may not copy, keep, maintain, or otherwise possess any of the Protected Materials at any time. The defendants must return any Protected Materials to the Defense Team at the conclusion of any meeting at which the defendant reviews the Protected Materials. The defendants may not take any Protected Materials out of the room in which they are meeting with the Defense Team. The defendants may not write down or memorialize any Protected Materials. At the conclusion of any meeting with the defendants, the member of the Defense Team present shall take with him or her all Protected Materials. At no time, under any circumstances, will any Protected Materials be left in the possession, custody, or control of the defendants, whether or not they are incarcerated.

19. The Defense Team may review Protected Materials with a witness or potential witness in this case, including the defendants, subject to the requirement above that a member of the Defense Team must be present if Protected Materials are being shown to the defendants. Before being shown any portion of the Protected Materials, however, any witness or potential witness must be informed of the existence of the Protective Order and given a copy of the Protective Order. No witness or potential witness (other than members of the Defense Team) may retain Protected Materials, or any copy thereof, after his or her review of those materials with the Defense Team is complete.

20. This Order does not limit employees of the United States Attorney's Office for the Eastern District of California from disclosing the Protected Materials to members of the United States Attorney's Office, law enforcement agencies, the Court, and defense.

21. Defense Counsel shall advise the United States with reasonable notice of any subpoenas, document requests, or claims for access to the Protected Materials by third parties if Defense Counsel is considering disseminating any of the Protected Materials to a third party, so the United States may take action to resist or comply with such demands as it may deem appropriate.

**D.     Ensuring Security of Protected Materials**

22. The Defense Team shall maintain the Protected Materials safely and securely, and shall exercise reasonable care in ensuring the security and confidentiality of the Protected Materials by storing the Protected Materials in a secure place, such as a locked office, or otherwise secure facility where visitors are not left unescorted.

23. A copy of the Protective Order must be stored with the discovery, in paper form or

electronically.

24. To the extent that Protected Materials, or any copies or reproductions thereof, are stored electronically, the Protected Materials will be stored on a password-protected or encrypted storage medium, including a password-protected computer, or device. Any passwords and encryption keys must be stored securely and not written on the storage media that they unlock.

25. If a member of the Defense Team makes, or causes to be made, any further copies of any of the Protected Materials, Defense Counsel will ensure that the following notation is written, stamped, or inscribed on whatever folder, container, or media contains the copies: "PROTECTED MATERIALS-SUBJECT TO PROTECTIVE ORDER."  For example, if Defense Counsel makes a copy of a disc or physical file containing Protected Materials, the duplicate disc or file must be marked with the above notation.

**E.      Filings**

26. In the event a party needs to file Protected Materials containing PII or materials otherwise identified as containing confidential or sensitive information with the Court, or disclose PII in court filings, the filing should be made under seal or with all PII or confidential or sensitive materials redacted.  If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention.  If the other party does not object to the proposed filing, the party seeking to file such information shall redact the PII or confidential or sensitive materials and make all reasonable attempts to limit the divulging PII or confidential or sensitive materials.

**F.      Conclusion of Prosecution**

27. The provisions of this Order shall not terminate at the conclusion of this prosecution.  All Protected Materials subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such Order is modified by the Court.

28. Upon final disposition of the case, including exhaustion of direct and collateral appellate proceedings, Defense Counsel shall return the Protected Materials to the government, or certify in writing that the Protected Materials have been destroyed, unless the California Rules of Professional

Conduct, as interpreted by the State Bar of California, require Defense Counsel to retain the material for a longer duration of time. The written certification need not be disclosed or produced to the United States unless ordered by the Court.

### G. Termination or Substitution of Counsel

29. In the event there is a substitution of counsel prior to final disposition of the case, new counsel of record must join this Protective Order before any Protected Materials may be transferred from the undersigned defense counsel to the new defense counsel.  New defense counsel then will become Defense Counsel for purposes of this Protective Order, and become the Defense Team's custodian of materials, and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for complying with the provisions set forth in this Protective Order.  All members of the Defense Team, whether current or past counsel, are at all times subject to the Protective Order and are not relieved by termination of representation or conclusion of the prosecution.

### H. Redaction of Protected Materials

30. Nothing in this Order shall prevent the United States Attorney's Office from redacting PII or other confidential or sensitive information in any Protected Materials related to the identity of cooperators and informants.

### I. Modification of Order

31. Nothing in this Order shall prevent any party from seeking modification of the Order or from objecting to discovery it otherwise believes to be improper.  Nothing in this Order shall prevent any party from seeking a more restrictive protective order with regard to particular discovery items.

### J. Violation of Order

32. Any person who willfully violates this Order may be held in contempt of court and may be subject to monetary or other sanctions as deemed appropriate by the Court.  This provision does not expand or narrow the Court's contempt powers.

### K. Application of Laws

33. Nothing in this Order shall be construed to affect or comment on the admissibility or discoverability of the Protected Materials.

34. Nothing in this Order shall be construed to affect the application of and the parties'

compliance with the Federal Rules of Criminal Procedure, Local Rules, and applicable statutes.

Dated: June 10, 2024

PHILLIP A. TALBERT
United States Attorney

*/s/ Katherine T. Lydon*
KATHERINE T. LYDON
SHEA J. KENNY
Assistant U.S. Attorneys

Dated: June 12, 2024

*/s/ Ronald Daniel Hedding*
RONALD DANIEL HEDDING
Counsel for Defendant
Hossam Hemdan

Dated: July 8, 2024

*/s Douglas J. Beevers*
DOUGLAS J. BEEVERS
Counsel for Defendant
Javier Salguero

Dated: June 27, 2024

*/s/ Jennifer Mouzis*
JENNIFER MOUZIS
Counsel for Defendant
Yehia Harb

Dated: July 24, 2024

*/s/ Robin R. Scroggie*
ROBIN R. SCROGGIE
Counsel for Defendant
Oscar Gomez

Dated: July 8, 2024

*/s/ Tama L. Soloman*
TAMARA L. SOLOMAN
Counsel for Defendant
Guillermo Tovar

Dated: June 27, 2024

*/s/ William F. Portanova*
WILLIAM F. PORTANOVA
Counsel for Defendant
Arwa Harb

Dated: June 11, 2024 */s/ Randy Sue Pollock*
RANDY SUE POLLOCK
Counsel for Defendant
Nas Meshal

Dated: June 27, 2024 */s/ Candice L. Fields*
CANDICE L. FIELDS
Counsel for Defendant
Khaled Hamdan

Dated: July 24, 2024 */s/ Neat Allen Sawyer*
NEAT ALLEN SAWYER
Counsel for Defendant
Minh Truong

Dated: June 27, 2024 */s/ Jay Rorty*
JAY RORTY
Counsel for Defendant
Thong Truong

Dated: June 10, 2024 */s/ Christopher R. Cosca*
CHRISTOPHER R. COSCA
Counsel for Defendant
Jeremy Earls

Dated: June 27, 2024 */s/ Mark J. Reichel*
MARK J. REICHEL
Counsel for Defendant
Michael Nguyen

STIPULATION AND PROTECTIVE ORDER 9

**PROTECTIVE ORDER**

The Court having read and considered the Stipulation and Joint Request for Protective Order, which this Court incorporates by reference into this Order in full, hereby finds that good cause exists to enter the above Order.

IT IS SO FOUND AND ORDERED.

Dated: July 24, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE