UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HOSSAM HEMDAN, et al.,<br><br>Defendants. | No. 2:24-cr-00071-DJC-CSK<br><br><br><br>ORDER |

     At the last status conference in this matter, Defense Counsel requested that the Court set a deadline for the Government to provide any outstanding discovery to Defendants. The Government expressed concern with this request, and the Court directed the Government to file its position on a discovery cutoff along with a proposed order and provided Defendants the option to file a response, all of which have now been filed. (Government's Mem. (ECF No. 104); Defs.' Resp. (ECF No. 105).) Having considered these filings as well as the interests of the parties and the general public, the Court will impose a deadline for parties to provide evidence. A trial date, requested by the Government in its Memorandum, will not presently be scheduled in this matter.

     The heavy burden of cases in the Eastern District of California and the delay it causes in resolving pending matters has been highly publicized and is well known to

both the Court and counsel.  *See, e.g.*, https://www.caed.uscourts.gov/caednew/ index.cfm/news-archive/judicial-conference-of-the-united-states-transmits-judgeships-request-to-congress/.  These issues have affected the expediency with which felony matters are resolved.  During the 12-month period between March 31, 2023 and March 31, 2024, the median time interval between commencement and termination of felony cases in this District was 33 months.[1]  This places the Eastern District of California dead last among all districts in the United States: it is 94th out of 94 districts.  Nationwide, the median time between commencement and termination of felony cases is 11.2 months – nearly a third of the median time to resolve cases in this District.

      The magnitude of the median time from commencement to termination of criminal actions is significant enough that it begins to raise concerns about whether delays in many of the cases before the Court are contrary to the codified interests of the parties and the public in speedy resolution of cases.  *See United States v. Pollock*, 726 F.2d 1456, 1459–60 (9th Cir. 1984).  More pragmatically, it is simply untenable for the Court and parties to maintain the current pace for resolving these actions.  Delays of this length compound the caseload problems faced by the Court and counsel as older cases remain pending while new cases continue to be filed.

      The Court understands that this is not a problem caused by any one group or party.  Everyone, including and especially the Court itself, plays a role in progressing cases toward resolution.  The responsibility for expediently resolving cases is jointly held by all litigants and the Court.  Thus, it the duty of all parties and the Court to work together to decrease the roadblocks that create the delays in resolving felony cases in this District.  With that goal in mind and considering that this case is nearly a year old, the Court will impose a discovery cutoff in this matter.

---

[1] Data on the median time interval between commencement and termination of felony cases is compiled and provided by the Administrative Office of the U.S. Courts on behalf of the judiciary and is available online and the following address: https://www.uscourts.gov/data-table-report-names/federal-judicial-caseload-statistics.

The Government notes that some evidence is subject to separate, statutory deadlines – such as Jencks Act statements – and that other potentially discoverable material has not yet been created or is unknown to the Government at this stage as it has not conducted trial preparation. (Government's Mem. at 4–5.) None of these categories of evidence are within the scope of the Court's order. The Court intends only to provide a date by which the parties must provide discovery required under Federal Rule of Criminal Procedure 16 and the Government's obligations under *Brady v. United States*, 397 U.S. 742 (1970) for evidence that is currently within the Government's possession, custody, or control.

The Government also expresses concern that evidence not timely disclosed due to inadvertence might be automatically excluded (Government's Mem. at 5), but such concerns are unfounded as the Court's order does not impose automatic exclusion of undisclosed evidence. Instead, the Court simply imposes a deadline for compliance with Rule 16 and *Brady*. Any failure to timely disclose evidence will be handled pursuant to Rule 16(d)(2) and relevant case law on failures to timely disclose evidence that must be disclosed under Rule 16 and *Brady*. The Ninth Circuit has been clear that where a party violates its Rule 16 obligations, "[e]xclusion is an appropriate remedy for a discovery rule violation only where 'the *omission* was willful and motivated by a desire to obtain a tactical advantage.'" *United States v. Finley*, 301 F.3d 1000, 1018 (9th Cir. 2002) (emphasis in original) (quoting *Taylor v. Illinois*, 484 U.S. 400, 415 (1988)). Rule 16(d)(2) provides ample options for the Court to handle a party's failures to comply with its discovery disclosure obligations under Rule 16 where exclusion would be inappropriate. Additionally, while a *Brady* violation may warrant exclusion of evidence, a violation only occurs where the evidence at issue is favorable to the accused, the evidence is suppressed by the government – meaning it is known to the government and not disclosed, and the suppression of evidence was prejudicial to the defendant.

////

The Court also declines to set a trial date at this time. While the Court believes that trial dates should generally be set more quickly in the criminal cases before it, that is not yet appropriate in this particular case, especially given complete discovery has not yet been provided. The Court notes that in responding to the Government's Memorandum, Defendants also suggest that the Court should set an <u>earlier</u> trial date than what was proposed by the Government. (Defs.' Resp. at 2 ("[T]he defendants should not be asked to give up their speedy trial rights and set this case over a year into the future because the government has not complied with what they were ordered to do the day each defendant entered their initial appearance.")) Given the Government and Defendants are seemingly in agreement that a trial date may be appropriate, the Court will explore setting a trial date at the next status conference.

In accordance with the above, IT IS HEREBY ORDERED that:

1. By April 17, 2025, the Government shall produce all discovery presently in its possession, custody, or control, as required by Federal Rule of Criminal Procedure 16(a)(1), including Rule 16(a)(1)(G)(ii), and the Government's *Brady* obligations; and

2. By August 1, 2025, the Defendants shall produce all reciprocal discovery presently in their possession, custody, or control, as required by Federal Rule of Criminal Procedure 16(b)(1), including Rule 16(b)(1)(C)(ii).[2]

IT IS SO ORDERED.

Dated:   **February 5, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC1 – hemdan24cv00071.disc

---

[2] Given that the Court is setting discovery deadlines for the Government, the Court finds it appropriate to set deadlines for the Defendants' reciprocal obligations. No Defendant opposed the date suggested by the Government in its filing.

4