```
ERIC GRANT
United States Attorney
KATHERINE T. LYDON
SHEA J. KENNY
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America
```

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>HOSSAM HEMDAN, et al.,<br><br>  Defendants. | CASE NO. 2:24-CR-00071<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: December 4, 2025<br>TIME: 9:00 a.m.<br>COURT: Hon. Daniel J. Calabretta |

**STIPULATION**

1.   By previous order, this matter was set for status on December 4, 2025.

2.   By this stipulation, defendants now move to continue the status conference until March 5, 2026, at 9:00 AM, and to exclude time between December 4, 2025, and March 5, 2026, under Local Codes T4 and T2.

3.   The parties agree and stipulate, and request that the Court find the following:

    a)   The discovery associated with this case is voluminous and includes over 150 gigabytes of documents, including investigative reports and related documents, as well as materials obtained by well over a hundred subpoenas. The discovery also includes voluminous additional electronic data from email search warrant returns as well as more than 120 electronic devices which have been seized, imaged, and made available to the defendants. The discovery also includes numerous boxes of physical materials obtained via premises search warrants,

resulting from multiple rounds of physical search warrants which has been made available. Thus far, the government has produced approximately 183,788 pages of documents. Certain of this discovery has been produced pursuant to the parties' Stipulated Protective Order. The government has made available all of the accessible images of electronic devices, and for ease of defense counsel review has provided copies of reports generated from agents' review of some such devices. Some defense counsel have requested copies of images of certain electronic devices in lieu of inspection; the government has provided those. Further, certain defense counsel have requested government assistance in locating certain pieces of evidence key to their charges; the government has in those instances provided overviews of the evidence and pointed defense counsel to specific items, to assist defense counsel in their preparation.

b) Counsel for the defendants desire additional time to consult with their clients, review the voluminous discovery and copy discovery where possible, review the current charges, conduct investigation and research related to the charges, discuss potential resolutions with their clients and the government, and to otherwise prepare for trial. Defense counsel who came onto the case more recently, such as counsel for Yehia Harb and Hossam Hemdan, have had less time to review discovery than the attorneys who were in place from the start of the case and require additional time to ensure smooth continuity of counsel.

c) Counsel for the defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d) In addition, this matter has been designated a complex case. At each of the defendant's arraignments, the Magistrate Judges found that time should also be excluded on the basis that this matter is a complex case. *See* ECF 23, 42, 48, and 56. In so finding, the magistrates recognized facts including that this matter involves twelve defendants in three different judicial districts, complex issues of law and fact, and voluminous discovery including from over eighty electronic devices. Indeed, the Indictment alleges a complicated conspiracy concerning various iterations of the technologically sophisticated OBDNator line of smog cheating devices and accompanying software, beginning as early as 2015 and involving each of

the twelve named defendants as well as unnamed coconspirators.  Further, much of the physical discovery is located at the FBI offices in the Eastern District of California.  Counsel for the defendants will need to travel to the FBI offices in Roseville, California, in order to review this discovery.  Many of the electronic devices are at various EPA forensic laboratories.  Counsel for defendants agree that, due to the complexity of the case, it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act.

    e)  The government does not object to the continuance.

    f)  Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

    g)  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of December 4, 2025 to March 5, 2026, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), (B)(iv) [Local Code T4] because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

    h)  In addition, the parties agree that this case is unusual and complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii).  Due to the nature and volume of the evidence and legal and factual issues in play, it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act.  For that separate and additional reason, the time period of December 4, 2025 to March 5, 2026, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(ii) [Local Code T2].

///

///

///

///

///

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  November 26, 2025	ERIC GRANT
	United States Attorney


	*/s/ Katherine T. Lydon*
	KATHERINE T. LYDON
	SHEA J. KENNY
	Assistant United States Attorneys

Dated:  November 28, 2025	*/s/ Marvin E. Vallejo*
	MARVIN E. VALLEJO
	Counsel for Defendant
	Hossam Hemdan

Dated:  December 1, 2025	*/s/ Douglas J. Beevers*
	DOUGLAS J. BEEVERS
	Counsel for Defendant
	Javier Salguero

Dated:  November 28, 2025	*/s/ Danica Mazenko*
	Danica Mazenko
	Counsel for Defendant
	Yehia Harb

Dated:  November 27, 2025	*/s/ Robin R. Scroggie*
	ROBIN R. SCROGGIE
	Counsel for Defendant
	Oscar Gomez

Dated:  November 26, 2025	*/s/ Tamara L. Soloman*
	TAMARA L. SOLOMAN
	Counsel for Defendant
	Guillermo Tovar

Dated: November 26, 2025               */s/ William F. Portanova*
                                        WILLIAM F. PORTANOVA
                                        Counsel for Defendant
                                        Arwa Harb

Dated: November 26, 2025               */s/ Randy Sue Pollock*
                                        RANDY SUE POLLOCK
                                        Counsel for Defendant
                                        Nas Meshal

Dated: November 26, 2025               */s/ Candice L. Fields*
                                        CANDICE L. FIELDS
                                        Counsel for Defendant
                                        Khaled Hamdan

Dated: November 26, 2025               */s/ Neat Allen Sawyer*
                                        NEAT ALLEN SAWYER
                                        Counsel for Defendant
                                        Minh Truong

Dated: November 27, 2025               */s/ Jay Rorty*
                                        JAY RORTY
                                        Counsel for Defendant
                                        Thong Truong

Dated: November 26, 2025               */s/ Christopher Cosca*
                                        CHRISTOPHER R. COSCA
                                        Counsel for Defendant
                                        Jeremy Earls

Dated: December 1, 2025                */s/ Mark J. Reichel*
                                        MARK J. REICHEL
                                        Counsel for Defendant
                                        Michael Nguyen

**ORDER**

IT IS SO FOUND AND ORDERED this 1st day of December, 2025.

/s/ Daniel J. Calabretta
THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE