ERIC GRANT
United States Attorney
KATHERINE T. LYDON
SHEA J. KENNY
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO.  2:24-CR-00071 |
|---|---|
| Plaintiff, | [PROPOSED] ORDER RE: UNITED STATES' MOTION FOR A PROTECTIVE ORDER PURSUANT TO SECTION 4 OF THE CLASSIFIED INFORMATION PROCEDURES ACT AND RULE 16(D)(1) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE |
| v. | |
| HOSSAM HEMDAN, et al., | |
| Defendants. | |

The United States of America moved *ex parte*, in camera, and under seal pursuant to Section 4 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. app. 3 § 4 and Federal Rule of Criminal Procedure 16(d)(1), for a protective order authorizing the government to withhold certain classified material from discovery.  The government seeks to delete these materials from discovery because they do not contain exculpatory, impeaching, or other material that could be considered both relevant and helpful to the defense, and because their unauthorized disclosure at this time has the potential to cause serious damage to the national security of the United States.  As discussed below, the Court grants the government's motion to delete.

In order to determine whether the government must disclose classified information, the Ninth Circuit has adopted the balancing test set forth in *United States v. Roviaro*, 353 U.S. 53, 62 (1957), concerning the government's privilege to protect the identity of confidential sources. *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998).

ORDER RE: CIPA PROTECTIVE ORDER                                        1

In *Roviaro*, the United States Supreme Court considered the application of the confidential source privilege to the general discovery rules, pursuant to which the government may withhold from disclosure the identity of its sources. *Roviaro*, 353 U.S. at 59–61. The Court noted that the privilege implicates two fundamental competing interests: (1) the interest of the defendant in mounting a defense; and (2) the public interest in enabling the government to protect its sources. *Id.* at 62. The Court ruled that the defendant's interest in obtaining the information was triggered only when information in the government's possession was "relevant and helpful" to the defense. *Id.* at 60.

The Court has carefully reviewed the submissions of the government describing the information the government seeks to delete from discovery and finds that none of the classified materials described in its motion is both relevant and helpful to the defense. Thus, all of the materials described in the government's submission may be deleted from discovery to protect disclosure of classified information.

The Court hereby authorizes the government to delete from discovery the items described in the government's motion and supplemental briefing. The Court further orders that the government's motion, accompanying materials, and supplemental briefing shall be kept under seal pursuant to CIPA and in the custody of the Classified Information Security Officer as the designee of the Clerk for purposes of any further court proceedings or appeal.

IT IS SO FOUND AND ORDERED this 5th day of February, 2026.

THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE

ORDER RE: CIPA PROTECTIVE ORDER

2