ERIC GRANT
United States Attorney
KATHERINE T. LYDON
ELLIOT WONG
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>        v.<br><br>HOSSAM HEMDAN, et al.,<br><br>               Defendants. | CASE NO.  2:24-CR-00071<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT AND RULE 12 MOTIONS DEADLINES; FINDINGS AND ORDER<br><br>DATE: July 30, 2026<br>TIME: 9:00 a.m.<br>COURT: Hon. Daniel J. Calabretta |

## STIPULATION

1.     By previous order, this matter was set for trial to begin February 1, 2027, with trial confirmation hearing on December 3, 2026, and a hearing as to motions pursuant to Rule 12 of the Federal Rules of Criminal Procedure as well as a status conference on July 30, 2026.

2.     By this stipulation, defendants now move to exclude time exclude time between July 30, 2026, and the trial date of February 1, 2027, under Local Codes T4 and T2, and set two separate new Rule 12 motions deadlines.

3.     The parties agree and stipulate, and request that the Court find the following:

       a)     The discovery associated with this case is voluminous and includes over 150 gigabytes of documents, including investigative reports and related documents, as well as materials obtained by well over a hundred subpoenas.  The discovery also includes voluminous additional electronic data from email search warrant returns as well

as more than 120 electronic devices which have been seized, imaged, and made available to the defendants.  The discovery also includes numerous boxes of physical materials obtained via premises search warrants, resulting from multiple rounds of physical search warrants which has been made available.  Thus far, the government has produced approximately 183,788 pages of documents.  Certain of this discovery has been produced pursuant to the parties' Stipulated Protective Order.  The government has made available all of the accessible images of electronic devices, and for ease of defense counsel review has provided copies of reports generated from agents' review of some such devices.  Some defense counsel have requested copies of images of certain electronic devices in lieu of inspection; the government has provided those.  Further, certain defense counsel have requested government assistance in locating certain pieces of evidence key to their charges; the government has in those instances provided overviews of the evidence and pointed defense counsel to specific items, to assist defense counsel in their preparation.  In addition, in the coming weeks, the government intends to provide certain potential trial exhibits pulled off various electronic devices and email accounts, which have already been made available to the defense for inspections, in a bates-stamped format for ease of review.

b)      Counsel for the defendants desire additional time to consult with their clients, review the voluminous discovery and copy discovery where possible, review the current charges, conduct investigation and research related to the charges, discuss potential resolutions with their clients and the government, and to otherwise prepare for trial.  Defense counsel who came onto the case more recently, such as counsel for Yehia Harb and Hossam Hemdan, have had less time to review discovery than the attorneys who were in place from the start of the case and require additional time to ensure smooth continuity of counsel.

c)      The defense attorneys have advised that a number of matters have complicated their preparation process.  Specifically: Although discovery has been in counsel's possession for over a year, the volume and complexity of the materials are

substantial. Many defendants currently reside out of state, which has significantly complicated trial preparation. Meaningful consultation has required travel coordination and scheduling limitations beyond counsels' control. Preparation for trial — including strategic decisions, witness review, and evidentiary assessment — necessitates in-person consultation that has not been feasible with sufficient frequency. During the relevant time period, the defense attorneys advised that the federal funding crisis substantially impeded counsel's ability to retain necessary experts and allocate investigative resources. At least one of the defendants has retained an expert witness, who is still reviewing discovery and formulating conclusions.

d)      Counsel for the defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e)      In addition, this matter has been designated a complex case. At each of the defendant's arraignments, the Magistrate Judges found that time should also be excluded on the basis that this matter is a complex case. *See* ECF 23, 42, 48, and 56. In so finding, the magistrates recognized facts including that this matter involves twelve defendants in three different judicial districts, complex issues of law and fact, and voluminous discovery including from over eighty electronic devices. Indeed, the Indictment alleges a complicated conspiracy concerning various iterations of the technologically sophisticated OBDNator line of smog cheating devices and accompanying software, beginning as early as 2015 and involving each of the twelve named defendants as well as unnamed coconspirators. Further, much of the physical discovery is located at the FBI offices in the Eastern District of California. Counsel for the defendants will need to travel to the FBI offices in Roseville, California, in order to review this discovery. Many of the electronic devices are at various EPA forensic laboratories. Counsel for defendants agree that, due to the complexity of the case, it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act.

f)    The government does not object to the continuance.

g)    Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

h)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of July 30, 2026 to February 1, 2027, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), (B)(iv) [Local Code T4] because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

i)    In addition, the parties agree that this case is unusual and complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii).  Due to the nature and volume of the evidence and legal and factual issues in play, it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act.  For that separate and additional reason, the time period of July 30, 2026 to February 1, 2027, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(ii) [Local Code T2].

4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

5.    The parties request that the Court order the below continued deadlines and dates for Rule 12 motions.  None of the defense counsel are ready to file Rule 12 motions on the current stipulated schedule.  The government agreed to continue the current schedule and set two sets of deadlines and motions hearings to accommodate defense counsel requests.  A September 3 hearing is necessary for counsel for defendant Hossam Hemdan, who recently came onto the case, resides out of state, and cannot travel after that date due to pregnancy.  Counsel for defendant Javier Salguero indicated he could make the same filing deadlines and hearing date as defendant Hemdan.  An October hearing date is

necessary due to prearranged travel and commitments of at least two of the other defendants.

6.     The parties request the following Rule 12 motions deadlines as to defendant Hossam Hemdan and Javier Salguero:

a)     Motions pursuant to Rule 12 of the Federal Rules of Criminal Procedure shall be filed by July 16, 2026.

b)     Oppositions to such motions shall be filed by August 13, 2026.

c)     Replies in further support of such motions shall be filed by August 27, 2026.

d)     A hearing on Rule 12 motions, and a status conference regarding the case, shall be set for September 3, 2026 at 9:00 am.

7.     The parties request the following Rule 12 motions deadlines as to all other defendants:

a)     Motions pursuant to Rule 12 of the Federal Rules of Criminal Procedure shall be filed by September 10, 2026.

b)     Oppositions to such motions shall be filed by September 24, 2026.

c)     Replies in further support of such motions shall be filed by October 1, 2026.

d)     A hearing on Rule 12 motions, and a status conference regarding the case, shall be set for October 8, 2026 at 9:00 am.

8.     The trial deadlines should remain the same.  Specifically:

a)     Trial confirmation hearing shall be set for December 3, 2026.

b)     Trial shall commence on February 1, 2027.

IT IS SO STIPULATED.

Dated:  July 2, 2026

ERIC GRANT
United States Attorney

*/s/ Katherine T. Lydon*
KATHERINE T. LYDON
ELLIOT WONG
Assistant United States Attorneys

STIPULATION REGARDING EXCLUDABLE TIME PERIODS
UNDER SPEEDY TRIAL ACT; RULE 12 MOTIONS

5

Dated:  July 2, 2026

/s/ Bethany Labrinos
BETHANY LABRINOS
ALEX BOURELLY
ANDREW GEORGE
MARVIN E. VALLEJO
Counsel for Defendant
Hossam Hemdan

Dated:  July 2, 2026

/s/ Douglas J. Beevers
DOUGLAS J. BEEVERS
Counsel for Defendant
Javier Salguero

Dated:  July 2, 2026

/s/ Danica Mazenko
Danica Mazenko
Counsel for Defendant
Yehia Harb

Dated:  July 2, 2026

/s/ Robin R. Scroggie
ROBIN R. SCROGGIE
Counsel for Defendant
Oscar Gomez

Dated:  July 2, 2026

/s/ Tamara L. Soloman
TAMARA L. SOLOMAN
Counsel for Defendant
Guillermo Tovar

Dated:  July 2, 2026

/s/ William F. Portanova
WILLIAM F. PORTANOVA
Counsel for Defendant
Arwa Harb

Dated:  July 2, 2026

/s/ Randy Sue Pollock
RANDY SUE POLLOCK
Counsel for Defendant
Nas Meshal

Dated:  July 2, 2026

/s/ Candice L. Fields
CANDICE L. FIELDS
Counsel for Defendant
Khaled Hamdan

Dated:  July 2, 2026                                    */s/ Neat Allen Sawyer*
                                                        NEAT ALLEN SAWYER
                                                        Counsel for Defendant
                                                        Minh Truong

Dated:  July 2, 2026                                    */s/ Jay Rorty*
                                                        JAY RORTY
                                                        Counsel for Defendant
                                                        Thong Truong

Dated:  July 2, 2026                                    */s/ Christopher Cosca*
                                                        CHRISTOPHER R. COSCA
                                                        Counsel for Defendant
                                                        Jeremy Earls

Dated:  July 2, 2026                                    */s/ Mark J. Reichel*
                                                        MARK J. REICHEL
                                                        Counsel for Defendant
                                                        Michael Nguyen

STIPULATION REGARDING EXCLUDABLE TIME PERIODS    7
UNDER SPEEDY TRIAL ACT; RULE 12 MOTIONS

**ORDER**

The Court ADOPTS IN FULL the parties' stipulation and ORDERS as follows:

1.      The Rule 12 motions deadlines as to defendant Hossam Hemdan and Javier Salguero:

a)      Motions pursuant to Rule 12 of the Federal Rules of Criminal Procedure shall be filed by July 16, 2026.

b)      Oppositions to such motions shall be filed by August 13, 2026.

c)      Replies in further support of such motions shall be filed by August 27, 2026.

d)      A hearing on Rule 12 motions, and a status conference regarding the case, shall be set for September 3, 2026 at 9:00 am.

2.      The Rule 12 motions deadlines as to all other defendants:

a)      Motions pursuant to Rule 12 of the Federal Rules of Criminal Procedure shall be filed by September 10, 2026.

b)      Oppositions to such motions shall be filed by September 24, 2026.

c)      Replies in further support of such motions shall be filed by October 1, 2026.

d)      A hearing on Rule 12 motions, and a status conference regarding the case, shall be set for October 8, 2026 at 9:00 am.

3.      The trial deadlines should remain the same.  Specifically:

a)      Trial confirmation hearing shall be set for December 3, 2026.

b)      Trial shall commence on February 1, 2027.

The Court DENIES AS MOOT Defendants Joint Motion to Modify Pretrial Motion Dates, ECF No. 159, and VACATES the hearing on said motion set for July 9, 2026.

IT IS SO FOUND AND ORDERED this 7th day of July, 2026.

/s/ Daniel J. Calabretta
THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE