ERIC GRANT
United States Attorney
KATHERINE T. LYDON
ELLIOT WONG
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HOSSAM HEMDAN, et al.,<br><br>Defendants. | CASE NO. 2:24-CR-00071<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT AND RULE 12 MOTIONS DEADLINES; FINDINGS AND ORDER<br><br>DATE: July 30, 2026<br>TIME: 9:00 a.m.<br>COURT: Hon. Daniel J. Calabretta |

**STIPULATION**

1. By previous orders, this matter was set for trial to begin February 1, 2027, and schedules were set contemplating briefing and two hearings as to motions pursuant to Rule 12 of the Federal Rules of Criminal Procedure.

2. A previous order set a status conference and motion to dismiss hearing for July 30, 2026. The parties' next stipulation adjusted the Rule 12 motion briefing and hearing dates, but did not vacate the July 30 hearing, which converted to a status conference.

3. By this stipulation, defendants now move to exclude time exclude time between July 30, 2026, and the trial date of February 1, 2027, under Local Codes T4 and T2, and vacate the July 30 status conference.

4. The parties agree and stipulate, and request that the Court find the following:

a) The discovery associated with this case is voluminous and includes over 150

gigabytes of documents, including investigative reports and related documents, as well as materials obtained by well over a hundred subpoenas. The discovery also includes voluminous additional electronic data from email search warrant returns as well as more than 120 electronic devices which have been seized, imaged, and made available to the defendants. The discovery also includes numerous boxes of physical materials obtained via premises search warrants, resulting from multiple rounds of physical search warrants which has been made available. So far, the government has produced more than 227,688 pages of documents. Certain of this discovery has been produced pursuant to the parties' Stipulated Protective Order. The government has made available all of the accessible images of electronic devices, and for ease of defense counsel review has provided copies of reports generated from agents' review of some such devices. Some defense counsel have requested copies of images of certain electronic devices in lieu of inspection; the government has provided those. Further, certain defense counsel have requested government assistance in locating certain pieces of evidence key to their charges; the government has in those instances provided overviews of the evidence and pointed defense counsel to specific items, to assist defense counsel in their preparation. In recent weeks, the government provided certain potential trial exhibits pulled off various electronic devices and email accounts, which have already been made available to the defense for inspection, in a bates-stamped format for ease of review.

b) Counsel for the defendants desire additional time to consult with their clients, review the voluminous discovery and copy discovery where possible, review the current charges, conduct investigation and research related to the charges, discuss potential resolutions with their clients and the government, and to otherwise prepare for trial. New defense counsel continue to come onto the case—for example, defendant Nas Meshal is currently seeking to retain a new attorney and the matter has been set for status of counsel hearing on July 30, 2026. *See* Dkt. No. 174. Counsel who came onto the case relatively recently have had less time to review discovery than the attorneys who were in place from the start of the case and require additional time to ensure smooth continuity of counsel.

c) The defense attorneys have advised that a number of matters have complicated

their preparation process. Specifically: Although most of the discovery has been in counsel's possession for quite some time, the volume and complexity of the materials are substantial. The defendants reside outside the Eastern District of California which has significantly complicated trial preparation. Meaningful consultation has required travel coordination and scheduling limitations beyond counsels' control. Preparation for trial — including strategic decisions, witness review, and evidentiary assessment — necessitates in-person consultation that has not been feasible with an ideal level of frequency. Nonetheless, the defendants along with their attorneys have been diligently and steadily engaging in trial preparation, conducting site visits, and preparing for trial. At least one of the defendants has retained an expert witness, who is still reviewing discovery and formulating conclusions.

d) Counsel for the defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e) In addition, this matter has been designated a complex case. At each of the defendant's arraignments, the Magistrate Judges found that time should also be excluded on the basis that this matter is a complex case. *See* ECF 23, 42, 48, and 56. In so finding, the magistrates recognized facts including that this matter involves twelve defendants in three different judicial districts, complex issues of law and fact, and voluminous discovery including from over eighty electronic devices. Indeed, the Indictment alleges a complicated conspiracy concerning various iterations of the technologically sophisticated OBDNator line of smog cheating devices and accompanying software, beginning as early as 2015 and involving each of the twelve named defendants as well as unnamed coconspirators. Further, much of the physical discovery is located at the FBI offices in the Eastern District of California. Counsel for the defendants will need to travel to the FBI offices in Roseville, California, in order to review this discovery. Many of the electronic devices are at various EPA forensic laboratories. Counsel for defendants agree that, due to the complexity of the case, it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act.

f) The government does not object to the continuance.

g) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

h) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of July 30, 2026 to February 1, 2027, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), (B)(iv) [Local Code T4] because it results from a continuance granted by the Court at the defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

i) In addition, the parties agree that this case is unusual and complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii). Due to the nature and volume of the evidence and legal and factual issues in play, it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. For that separate and additional reason, the time period of July 30, 2026 to February 1, 2027, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(ii) [Local Code T2].

5. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: July 24, 2026

ERIC GRANT
United States Attorney

*/s/ Katherine T. Lydon*
KATHERINE T. LYDON
ELLIOT WONG
Assistant United States Attorneys

Dated: July 24, 2026

*/s/ Marvin E. Vallejo*
BETHANY LABRINOS
ALEX BOURELLY
ANDREW GEORGE
MARVIN E. VALLEJO
Counsel for Defendant
Hossam Hemdan

Dated: July 24, 2026

*/s/ Douglas J. Beevers*
DOUGLAS J. BEEVERS
Counsel for Defendant
Javier Salguero

Dated: July 25, 2026

*/s/ Danica Mazenko*
DANICA MAZENKO
Counsel for Defendant
Yehia Harb

Dated: July 24, 2026

*/s/ Robin R. Scroggie*
ROBIN R. SCROGGIE
Counsel for Defendant
Oscar Gomez

Dated: July 24, 2026

*/s/ Tamara L. Soloman*
TAMARA L. SOLOMAN
Counsel for Defendant
Guillermo Tovar

Dated: July 24, 2026

*/s/ William F. Portanova*
WILLIAM F. PORTANOVA
Counsel for Defendant
Arwa Harb

Dated: July 24, 2026

*/s/ Randy Sue Pollock*
RANDY SUE POLLOCK
Counsel for Defendant
Nas Meshal

Dated: July 24, 2026

*/s/ Candice L. Fields*
CANDICE L. FIELDS
Counsel for Defendant
Khaled Hamdan

Dated: July 24, 2026

*/s/ Neat Allen Sawyer*
NEAT ALLEN SAWYER
Counsel for Defendant
Minh Truong

Dated: July 24, 2026

*/s/ Jay Rorty*
JAY RORTY
Counsel for Defendant
Thong Truong

Dated: July 24, 2026

*/s/ Christopher Cosca*
CHRISTOPHER R. COSCA
Counsel for Defendant
Jeremy Earls

Dated: July 25, 2026

*/s/ Mark J. Reichel*
MARK J. REICHEL
Counsel for Defendant
Michael Nguyen

**ORDER**

The Court ADOPTS IN FULL the parties' stipulation and ORDERS as follows:

1. The July 30, 2026 status conference is vacated.
2. Time between July 30, 2026 and February 1, 2027 is excluded from the computation of time under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A)(B)(ii),(iv), [Local Codes T2 and T4], based on the facts stated in the stipulation and the Court's finding that that the ends of justice served by taking such action outweigh the best interests of the public and the defendants in a speedy trial.

IT IS SO FOUND AND ORDERED this 29th day of July, 2026.

/s/ Daniel J. Calabretta

THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE